HECK GLASS v. THE STATE.

*No. 560.   Decided April 6.*

1. **Horse Theft—Charge—Trade—Purchase.**—On a trial for horse theft, where the only issue was whether the defendant had traded for the animals, and where, as to this issue, the charge of the court was both pertinent and correct, *Held*, the charge was not defective in failing to instruct the jury to acquit if defendant purchased the animals, there being no evidence of purchase.

2. **Same—Good Faith.**—On a trial for horse theft, where the only issue was whether defendant traded for or stole the animals, it was not error for the court to fail to charge as to "good faith" of defendant in making the trade. Had such charge been given, defendant might have had some ground to complain.

APPEAL from the District Court of Bastrop. Tried below before Hon. ED. R. SINKS.

This is an appeal from a conviction for the theft of two horses, the property of one W. A. Murchison, wherein the punishment assessed was a term of five years in the penitentiary.

W. A. Murchison testified, that the two mares were taken from his possession and without his consent, in February, 1892; that he recovered them from J. B. Baskin, in Milam County.

G. W. Thomas testified, that he bought the animals from defendant in February, 1892, and took defendant's bill of sale to the same, which he produced, and it was read in evidence; that he sold the mares to one John Hanse, in Robertson County.

John Breneger testified, that he was present in Milam County when J. B. Baskin bought the mares of John Hanse, of Robertson County.

J. S. Perry testified, that in February, 1892, he (witness) and his brother C. E. Perry and defendant met a negro in the road, near the Cedar Creek crossing, riding one and leading the other of the two mares; that defendant traded with the negro for the mares, giving a bay horse in exchange, and that the negro gave a bill of sale (which was produced and read in evidence), which witness and his brother C. E. signed as witnesses. He had never seen the negro before, and had never seen him since. Don't know where he came from, nor where he went.

C. E. Perry testified as did J. S. Perry, his brother.

*I. P. Fowler, G. W. Jones,* and *J. L. Hood,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—This conviction is for theft of two mares. Appellant introduced evidence, accounting for his possession of the property, to the effect, that he traded for them from a negro. It is contended the court erred in failing to charge the jury, that if appellant "purchased" the animals he would not be guilty. This point is not well taken. There was no testimony showing a purchase of the mares. Appellant's contention was that he traded for the mares, and this issue was correctly and pertinently submitted in the charge. Nor did the court err in failing to charge in relation to the good faith of appellant in trading for the property. There was no contention on this line. There was no issue as to his good faith in trading for the mares, the question presented by the evidence being, was he the thief, or did he trade for the property from the negro? The contention of the prosecution was, that there was no trade at all; not that there was a trade made to cover up appellant's theft, but that he actually stole the mares. If there was a trade, and for the purpose of covering up the theft, it inured to appellant's benefit that the good faith of the transaction was not submitted to the jury by the charge. Had such charge been given, there might possibly have been reason to complain. The evidence justified the conviction, and the judgment is affirmed.

*Affirmed.*

Judges all present and concurring.